IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| DANNY SING, | ) | |
| | ) | |
| Petitioner, | ) | 8:15CV134 |
| | ) | |
| V. | ) | |
| | ) | |
| SCOTT FRAKES, Director of the | ) | **MEMORANDUM** |
| Nebraska Department of Corrections, | ) | **AND ORDER** |
| | ) | |
| Respondent. | ) | |

This matter is before the court on Petitioner's Petition for Writ of Habeas Corpus ("petition"). (Filing No. 1.) Respondent argues that the petition is barred by the limitations period set forth in 28 U.S.C. § 2244(d) and Petitioner's claims have been procedurally defaulted. The court agrees and will dismiss the petition with prejudice.

## I. BACKGROUND

On January 25, 2007, Petitioner was convicted by a jury in the District Court of Douglas County, Nebraska, of first degree murder, use of a deadly weapon to commit a felony, and possession of a deadly weapon by a felon. (Filing No. 9-15 at CM/ECF pp. 59-62, 98.) Petitioner was sentenced to life in prison for first-degree murder, a consecutive term of 5 to 10 years in prison for use of a deadly weapon to commit a felony, and a concurrent term of 5 to 10 years in prison for possession of a deadly weapon by a felon. (Filing No. 9-15 at CM/ECF p. 100.)

Petitioner filed a direct appeal of his convictions and sentences to the Nebraska Supreme Court. (Filing No. 9-5); *State v. Sing*, 275 Neb. 391, 746 N.W.2d 690 (2008). Petitioner alleged that the evidence was insufficient to support the conviction

for first degree murder and that the district court erred in sustaining the State's motion in limine regarding the victim's alleged gang affiliation. (Filing No. 9-5 at CM/ECF pp. 5-7.) In a written opinion, the supreme court rejected Petitioner's claims, but modified his sentences regarding credit for time served. (*Id*. at CM/ECF pp. 5-8.) The opinion issued on April 4, 2008. (*Id*. at CM/ECF p. 1.)

Petitioner filed a motion for post-conviction relief in the state district court on February 10, 2009, alleging prosecutorial misconduct, error in sustaining the motion in limine discussed on direct appeal, insufficient evidence to support the first degree murder conviction, and various claims of ineffective assistance of trial counsel. (Filing No. 9-16 at CM/ECF pp. 17-33.) Post-conviction counsel later filed an amended post-conviction motion, alleging that Petitioner's trial counsel was ineffective for failing to obtain a mental health evaluation and failing to retain a firearms expert. (Filing No. 9-16 at CM/ECF pp. 8-11.) The state district court denied Petitioner's post-conviction claims without an evidentiary hearing. (Filing No. 9-16 at CM/ECF pp. 47-52.)

Petitioner appealed, and alleged that the state district court abused its discretion when it dismissed the post-conviction motion without holding an evidentiary hearing on his ineffective assistance of counsel claims. (Filing No. 9-6 at CM/ECF pp. 4-5.) The Nebraska Supreme Court entered a written opinion on January 27, 2011, rejecting Petitioner's argument and affirming the district court opinion. The supreme court determined that Petitioner's "motion for postconviction relief did not contain factual allegations which, if proved, would constitute an infringement of [Petitioner's] rights under the Nebraska or federal Constitution." (Filing No. 9-6 at CM/ECF p. 2.)

On October 22, 2010, while his appeal was pending in the supreme court, Petitioner filed a "verified petition to vacate or modify" in the state district court, requesting that the district court vacate or modify its order denying him post-conviction relief. (Filing No. 9-17 at CM/ECF pp. 15-27.) Petitioner asserted that newly discovered evidence in the form of a firearms expert report demonstrated that

Petitioner's gun accidently discharged. The state district court denied the verified petition to vacate or modify on November 1, 2010, finding that the court did not have jurisdiction to consider the merits because the matter was on appeal before the supreme court. (Filing No. 9-17 at CM/ECF p. 43.)

On February 15, 2011, Petitioner filed a "verified complaint to vacate or modify judgment for newly discovered material evidence." (Filing No. 9-17 at CM/ECF pp. 44-51, 152.) Again, Petitioner argued that the firearms expert report showed that the trajectory of a gunshot fired by Petitioner was at an upward angle and that the shooting was accidental. (*Id*.) The district court dismissed Petitioner's motion on March 1, 2011, finding that (1) the court did not have authority to modify the final order denying post-conviction relief because it had been affirmed on appeal; (2) Petitioner's claims were not newly discovered in that they could have been presented previously; and (3) the motion was procedurally barred as a successive post-conviction motion. (Filing No. 9-17 at CM/ECF pp. 163-64.) The Nebraska Supreme Court summarily affirmed the district court's decision on September 14, 2011. (Filing No. 9-3 at CM/ECF p. 2.) Petitioner filed a petition for writ of certiorari in the United States Supreme Court, which was denied on February 24, 2012. (*Id*.)

On October 4, 2013, Petitioner filed a "verified motion for 2nd postconviction relief." (Filing No. 10-1 at CM/ECF pp. 12-22.) Petitioner argued that the jury was wrongfully instructed on second degree murder and manslaughter pursuant to *State v. Smith*, 282 Neb. 720, 806 N.W.2d 383 (2011) and *State v. Trice*, 286 Neb. 183, 835 N.W.2d 667 (2013). The district court denied Petitioner's motion without an evidentiary hearing on April 23, 2014, finding the motion barred by the limitation period set forth in Neb. Rev. Stat. § 29-3001(4). (Filing No. 10-1 at CM/ECF pp. 25-27.) The Nebraska Supreme Court summarily affirmed the state district court's judgment on January 7, 2015. (Filing No. 9-4 at CM/ECF p. 2.)

Petitioner filed his Petition for Writ of Habeas Corpus on April 22, 2015. (Filing No. 1.)

## II. ANALYSIS

1.  **Statute of Limitations**

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 110 Stat. 1214, establishes a one-year limitations period for state prisoners to file for federal habeas relief that runs from the latest of four specified dates. 28 U.S.C. § 2244(d)(1). Here, it does not appear that Petitioner disputes that he filed his petition for federal habeas relief more than one year from any of these four dates. Instead, Petitioner maintains that the limitations period is subject to equitable tolling and that he is excused from the procedural bar of the statute of limitations by the miscarriage of justice exception.

It is clear that Petitioner's claims are time-barred. Petitioner's convictions and sentences were affirmed by the Nebraska Supreme Court on April 4, 2008, and the judgment became final on July 3, 2008. See *Curtiss v. Mount Pleasant Correctional Facility*, 338 F.3d 851, 853 (8th Cir. 2003) (holding that a judgment becomes final under 28 U.S.C. § 2244(d)(1)(A) at the conclusion of all direct criminal appeals in the state system followed by the expiration of the 90 days for filing a petition for writ of certiorari with the United States Supreme Court). Thus, the one-year statute of limitations began running on July 3, 2008.

Petitioner's first post-conviction motion was not filed until February 10, 2009. Thus, 222 days of the limitations period had expired before Petitioner filed his first post-conviction motion. See *Painter v. Iowa*, 247 F.3d 1255, 1256 (8th Cir. 2001) ("[T]he time between the date that direct review of a conviction is completed and the date that an application for state post-conviction relief is filed counts against the one-year period").

Petitioner filed a number of motions between February 10, 2009 and February 24, 2012, the date the Supreme Court denied Petitioner's petition for writ of certiorari.

Even assuming the statute of limitations was tolled the entire period of time between those dates, Petitioner is nonetheless time-barred. *See King v. Hobbs*, 666 F.3d 1132, 1135 (8th Cir. 2012) ( "The statute of limitations is tolled while state post-conviction or other collateral review is pending"). Petitioner waited 588 days after the Supreme Court's denial of his petition for writ of certiorari to file a successive post-conviction motion.

### A. Equitable Tolling

Generally, a litigant seeking equitable tolling must establish two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Walker v. Norris*, 436 F.3d 1026, 1032 (8th Cir. 2006).

It is unclear what "extraordinary circumstance" Petitioner contends prevented him from timely filing his petition. However, even assuming Petitioner could establish that some extraordinary circumstance made it impossible for him to file his petition on time, Petitioner has not shown that he pursued his rights diligently. Petitioner waited 222 days from the date his appeal became final to file his first post-conviction motion. Then, he waited an additional 588 days from the denial of his petition for writ of certiorari to file his successive post-conviction motion. Petitioner has not offered any reasonable explanation for these delays.

### B. Miscarriage of Justice

Petitioner has likewise failed to show that he is entitled to the protections of the miscarriage of justice exception. In *McQuiggin v. Perkins*, 133 S. Ct. 1924, 1928 (2013), the Supreme Court held that a habeas petitioner who can show actual innocence under the rigorous standard of *Schlup v. Delo*, 513 U.S. 298 (1995), is excused from the procedural bar of the statute of limitations under the miscarriage of justice exception. A habeas petitioner, who seeks to overcome the one-year statute

of limitations in § 2244(d)(1) upon a showing of "actual innocence," must support his allegations with "new, reliable evidence" that was not presented at trial and must show that it was more likely than not that, in light of the new evidence, no juror, acting reasonably, would have voted to find the petitioner guilty beyond a reasonable doubt. *Schlup*, 513 U.S. at 324-27.

Petitioner has not presented the court with any reason to excuse him from the procedural bar of the statute of limitations under the miscarriage of justice exception. Petitioner suggests that "newly discovered" evidence in the form of a report from a firearms expert supports the conclusion that the shooting was accidental. The report consists of a one-page, handwritten document purportedly signed by an individual named Carter K. Lord. (Filing No. 9-12 at CM/ECF p. 8.) Mr. Lord is supposedly a Director at "Firearms & Ballistics Consultants." (*Id.*) The report, which is dated September 29, 2010, states: "From photos, trajectory appears to be at an upward angle, striking the screen door at . . . 52.3 [inches] above the door jamb, and striking the closed entry door at a general area higher than 60 [inches] above the door jamb." (*Id.*)

It can hardly be argued that the report is newly discovered or reliable. Petitioner referenced this report in his "verified petition to vacate or modify judgment," which was filed on October 22, 2010. (Filing No. 9-17 at CM/ECF p. 17.) Then, Petitioner waited 588 days from the denial of his petition for writ of certiorari on February 24, 2012 to file a successive post-conviction motion. The Petition for Writ of Habeas Corpus was not filed until April 22, 2015. The reliability of the report is suspect as the information included in the report is handwritten, minimal, and conclusory. In short, there is no indication that, in light of this evidence, no reasonable juror would have found Petitioner guilty.

2. **Procedural Default**

Even assuming Petitioner's claims were not untimely, the claims are barred because they have been procedurally defaulted. In his habeas petition, Petitioner

alleges (1) he received ineffective assistance of counsel and there was a miscarriage of justice because his convictions were obtained through the use of perjured statements; (2) he received ineffective assistance of counsel for failure to seek a firearms expert; (3) he was denied due process by the appellate court's ruling contrary to clearly established federal law; (4) his counsel was ineffective for failing to seek a mental health evaluation; (5) his counsel was ineffective for failing to investigate an alibi; (6) the trial court erred in finding guilt because the evidence was insufficient to convict him; and (7) the trial court erred in sustaining the State's motion in limine. (Filing No. 1.) Each of these claims have been procedurally defaulted, and Petitioner has not demonstrated cause and prejudice for default.

As set forth in 28 U.S.C. § 2254:

> (b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that–
>
> (A) the applicant has exhausted the remedies available in the courts of the State; or
>
> (B) (i) there is an absence of available State corrective process; or
>
> (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

[28 U.S.C. § 2254(b)(1)](28 U.S.C. § 2254(b)(1)).

The United States Supreme Court has explained the habeas exhaustion requirement as follows:

> Because the exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts . . . state prisoners must give the state courts one full opportunity to resolve any constitutional issues

> by invoking one complete round of the State's established appellate
> review process.

*O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). A state prisoner must therefore present the substance of each federal constitutional claim to the state courts *before* seeking federal habeas corpus relief. In Nebraska, "one complete round" ordinarily means that each § 2254 claim must have been presented in an appeal to the Nebraska Court of Appeals, and then in a petition for further review to the Nebraska Supreme Court if the Court of Appeals rules against the petitioner. *See Akins v. Kenney*, 410 F.3d 451, 454-55 (8th Cir. 2005). "In order to fairly present a federal claim to the state courts, the petitioner must have referred to a specific federal constitutional right, a particular constitutional provision, a federal constitutional case, or a state case raising a pertinent federal constitutional issue in a claim before the state courts." *Carney v. Fabian*, 487 F.3d 1094, 1096 (8th Cir. 2007) (internal citation and quotation omitted).

Where "no state court remedy is available for the unexhausted claim—that is, if resort to the state courts would be futile—then the exhaustion requirement in § 2254(b) is satisfied, but the failure to exhaust 'provides an independent and adequate state-law ground for the conviction and sentence, and thus prevents federal habeas corpus review of the defaulted claim, unless the petitioner can demonstrate cause and prejudice for the default.'" *Armstrong v. Iowa*, 418 F.3d 924, 926 (8th Cir. 2005) (quoting *Gray v. Netherland*, 518 U.S. 152, 162 (1996)).

Claims One and Five of Petitioner's habeas petition were not raised in his post-conviction appeal before the Nebraska Supreme Court. (Filing No. 9-6.) As a result, Petitioner has not invoked "one complete round" of Nebraska's appellate review process. Because these claims were previously available to Petitioner, Nebraska courts would not consider a successive post-conviction motion. *See State v. Sims*, 277 Neb. 192, 198, 761 N.W.2d 527, 533 (2009) ("[A]n appellate court will not entertain a successive motion for postconviction relief unless the motion affirmatively shows on its face that the basis relied upon for relief was not available at the time the movant filed the prior motion"). Therefore, these claims are procedurally defaulted.

Although Claims Two and Four were raised in Petitioner's first post-conviction motion and subsequent appeal, the Nebraska Supreme Court did not reach the merits of those claims because Petitioner made insufficient allegations in his post-conviction motion. (Filing No. 9-6 at CM/ECF pp. 1, 6-9.) *See State v. Dragon*, 287 Neb. 519, 523, 843 N.W.2d 618, 623 (2014) ("If a postconviction motion alleges only conclusions of fact or law, or if the records and files in the case affirmatively show that the defendant is entitled to no relief, the court is not required to grant an evidentiary hearing"). Therefore, these claims are procedurally defaulted pursuant to an independent and adequate state procedural rule. *See Hunt v. Houston*, 563 F.3d 695, 703 (8th Cir. 2009) ("Federal courts generally will not review claims that a state court has refused to consider because of the petitioner's failure to satisfy a state procedural requirement"). Claim Three is likewise procedurally defaulted pursuant to a state procedural rule because the Nebraska Supreme Court summarily affirmed the claim on appeal as time-barred. (Filing No. 9-4 at CM/ECF p. 2; Filing No. 9-14.)

Claims Six and Seven are procedurally defaulted because they were not presented to the state courts. On direct appeal, Petitioner assigned as error that the evidence was insufficient to support the conviction and that the district court erred in sustaining the State's motion in limine. (Filing No. 9-5 at CM/ECF pp. 5-7.) However, these assignments of error were based on state law, not federal or constitutional law. (Filing No. 9-7 at CM/ECF pp. 4-7, 9-14.) Petitioner is now precluded from bringing these claims in state court because he was aware of the claims at the time he filed his direct appeal, and would be time-barred in a post-conviction action. *See State v. Smith*, 286 Neb. 77, 834 N.W.2d 799 (2013).

For the foregoing reasons, the court will dismiss Petitioner's petition with prejudice.

## III. CERTIFICATE OF APPEALABILITY

A petitioner cannot appeal an adverse ruling on his petition for writ of habeas corpus under § 2254 unless he is granted a certificate of appealability. [28 U.S.C. § 2253(c)(1)](#); [28 U.S.C. § 2253(c)(2)](#); [Fed. R. App. P. 22(b)(1)](#). The standards for certificates (1) where the district court reaches the merits or (2) where the district court rules on procedural grounds are set for in [*Slack v. McDaniel*, 529 U.S. 473, 484-485 (2000)](#). I have applied the appropriate standard and determined Petitioner is not entitled to a certificate of appealability.

IT IS ORDERED:

1. Petitioner's petition is dismissed with prejudice, and the court will not issue a certificate of appealability in this matter.

2. The court will enter a separate judgment in accordance with this order.

DATED this 13th day of June, 2016.

BY THE COURT:

s/ *Richard G. Kopf*
Senior United States District Judge